UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZG TOP TECHNOLOGY CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | Cause No. 19-cv-00092 <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

ZG TOP Technology Co., Ltd. ("Plaintiff" or "ZG.TOP") hereby complains and alleges against John Doe (Defendant) as follows:

**NATURE OF LAWSUIT**

1.  Plaintiff ZG.TOP brings this action against the "John Doe" thief who stole valuable Tether ("USDT") and Ether ("ETH") from Plaintiff through unauthorized hacking or access into online accounts. Plaintiff seeks to identify the person responsible (including transaction records, and blockchain access; past log-in IP address, and device fingerprint info; kyc and other registration info), hold them responsible, and recover its stolen property.

2.  This an Action based upon: (1) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, (2) Washington Cybercrime Act, RCW § 9A.90, and (3) the Common Law of Conversion, to recover stolen property, seek damages and enjoin John Doe's malicious and unauthorized access and use of Plaintiff's digital wallet. John Doe's actions violated the CFAA, Washington's Cybercrime Act, and the Common Law of conversion.

COMPLAINT - 1

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 because this action alleges violations of the CFAA.

4. This Court may also have diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) because (1) the matter in controversy exceeds the value of $75,000, (2) the controversy is between individuals that are citizens of different jurisdictions.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Depending on the residence of defendants, venue may be proper under 28 U.S.C. § 1391(b)(1) or (3) as well.

## THE PARTIES

6. Plaintiff is a privately-owned company with its headquarters in Ulaanbaatar, Mongolia.

7. On information and belief, Defendant is an individual. John Doe's true name, identity, and physical location are not known at this time.

## BACKGROUND OF THE CONTROVERSY

8. Plaintiff is a global blockchain asset trading platform and has offices in Mongolia and China. Plaintiff provides an online digital asset trading platform for products commonly known as cryptographic tokens, digital tokens or cryptographic currency.

9. Plaintiff is not a buyer or seller in trades made between traders, nor a market maker. Traders must register and open an account with Plaintiff and deposit digital assets prior to commencement of trading.

10. Plaintiff uses computers and computer servers to operate its trading platform and to host custodial digital cryptocurrency wallets. Plaintiff's computer systems assist in facilitating foreign and interstate commerce in the digital asset trading community.

11. Bittrex, Inc. ("Bittrex") is a cryptocurrency trading platform and has offices in Seattle, Washington. Bittrex uses computers and computer servers to operate its trading platform and to host custodial digital cryptocurrency wallets. Bittrex's computer systems and

platform assist in facilitating foreign and interstate commerce in the digital asset trading community.

12. On or about November 25, 2018, Plaintiff ZG.TOP was attacked by John Doe, losing 330, 000 USDT and 100 ETH. Currently, all the 330,000 USDT and 100 ETH have been fully transferred to Bittrex.

13. 0x8393fABF9E5C3428c802fD0Ced42f63B35027473 is the terminal ERC20 address of Plaintiff ZG.TOP. Defendant hacked and stole 100 ETH from Plaintiff ZG.TOP and then transferred the coins to 0xD707236D4343c232FeC0F51825fb7Ed94DaCea38, then the coins were transferred to Bittrex 0xa988b000800106424e22E2Dc4f49850d70b304Be. At present, all the 100 ETH were transferred to Bittrex. A chart depicting these transactions is attached as Exhibit A.

14. 18mLsyh6iLR2RmpDcNiKJNCX1miTtCkcHZ is the terminal wallet address of Plaintiff ZG.TOP, from which 330,000 USDT were transferred separately to 16EDN2aLSBWQ5mnLcm1EepkMVqyUg1hvK4. Incessantly, John Doe transferred the 330,000 USDT separately to 1D3VnrCNJRgHXXeCB9VZ23VUzU5gXoWfNv, and then to Bittrex 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru. A chart depicting these transactions is attached as Exhibit B.

15. Upon information and belief, after Defendant John Doe had completed his/her theft of ETH and USDT from Plaintiff ZG.TOP, he/she transferred 100 ETH and 330,000 USDT into the digital wallet on the Bittrex cryptocurrency trading platform.

## COUNT I

### Violation Of Computer Fraud And Abuse Act  18 U.S.C. § 1030 et seq.

16. Plaintiff hereby repeats and incorporates by reference Paragraphs 1-15 above as if fully set forth herein.

17. ZG.TOP's computers and computer systems are "protected computers" under the Federal CFAA, 18 U.S.C.A. § 1030(e)(2).

18. Account or custodial wallet is a computer system on the ZG.TOP which is a "protected computer" under the Federal CFAA, 18 U.S.C.A. § 1030(e)(2).

19. John Doe knowingly and intentionally accessed a protected computer without authorization, with an intent to access the account on the ZG.TOP and then transferred and obtained digital assets to Bittrex Seattle-based trading platform without ZG.TOP's authorization.

20. By means of such conduct, John Doe caused a loss to ZG.TOP exceeding a value of 100 ETH and 330,000 USDT.

21. Defendant's activities constitute a violation of the Federal CFAA, 18 U.S.C.A. § 1030(A)(4) and Plaintiff is entitled to damages under that Act.

22. Plaintiff is also entitled under the Act to injunctive and equitable relief against Defendant.

## COUNT II

### Violation of Washington Cybercrime Act, RCW 9A.90.050

23. Plaintiff hereby repeats and incorporates by reference Paragraphs 1-22 above as if fully set forth herein.

24. Defendant, without authorization, intentionally accessed to a computer system of ZG.TOP and its digital assets held on its platform.

25. Defendant, without authorization, transferred the digital assets of ZG.TOP to Bittrex, and has caused damage and loss to Plaintiff.

26. Defendant's activities constitute a violation of the Washington Cybercrime Act, RCW 9A.90.050, and Plaintiff is entitled to damages under that Act.

## COUNT III

### Violation of Washington Cybercrime Act, RCW 9A.90.100

27. Plaintiff hereby repeats and incorporates by reference Paragraphs 1-26 above as if fully set forth herein.

Mann Law Group
107 Spring St.
Seattle, WA 98104
TELEPHONE: 206.436-0900

28. Defendant, intentionally, without authorization, and without reasonable grounds to believe that he/she has such authorization, obtained electronic data with the intent to wrongfully control, gain access to, and obtain digital assets from ZG.TOP.

29. Defendant's activities constitute a violation of the Washington Cybercrime Act, RCW 9A.90.100 and Plaintiff is entitled to damages under that Act.

## COUNT IV

### Conversion

30. Plaintiff hereby repeats and incorporates by reference Paragraphs 1-29 above as if fully set forth herein.

31. Defendant has willfully interfered with and converted Plaintiff's digital assets, which caused ZG.TOP deprived of possession and use of its property.

32. Defendant had no lawful justification to interfere with Plaintiff's digital assets.

33. As a result of Defendant's conducts, Plaintiff has been damaged in an amount no less than 100 ETH and 330,000 USDT of value.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant John Doe and against his or her subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it granting the following relief:

A. Judgment in favor of plaintiff, and against defendant, for damages in such amounts as may be proven at trial;

B. Punitive or exemplary damages as authorized by law;

C. Forfeiture of any property, including computer and servers, used to commit the acts described above as authorized by law;

D. Attorneys' fees and costs as authorized by law; and

E. Such other and further relief as this Court or a jury may deem proper and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated this 22nd day of January, 2019.

        Respectfully submitted,

        /s/ *Philip P. Mann*
        Philip P. Mann, WSBA No: 28860
        MANN LAW GROUP, PLLC
        107 Spring St.
        Seattle, Washington  98104
        (206) 436-0900
        Fax (866) 341-5140
        phil@aeonlaw.com

        Attorney for Plaintiff ZG Top Technology Co. Ltd.