UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZG TOP TECHNOLOGY Co. LTD.,

    Plaintiff,

    v.

JOHN DOE,

    Defendant.

CASE NO. C19-92-RAJ

ORDER

This matter comes before the Court on Plaintiff ZG TOP Technology Co., Ltd.'s ("ZG TOP") Ex Parte Motion for Permission to Conduct Immediate Non-party Discovery ("Motion"). Dkt. # 2. Defendant John Doe has not been identified and has not appeared, nor has any other entity or individual appeared or responded to ZG TOP's Motion.

For the reasons that follow, ZG TOP's Motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

ZG TOP, a Mongolian company, describes itself as a "global blockchain asset trading platform" that "provides an online digital asset trading platform for products commonly known as cryptographic tokens, digital tokens or cryptographic currency." Dkt. # 1 at ¶¶ 6, 8. As part its business, ZG TOP uses "computers and computer servers

ORDER – 1

to operate its trading platform and to host custodial digital cryptocurrency wallets." *Id*. at ¶ 10.

ZG TOP filed its Complaint against John Doe on January 22, 2019 for violations of (1) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) the Washington Cybercrime Act, RCW § 9A.90; and (3) conversion. Dkt. # 1. As alleged in the Complaint, on or about November 25, 2018, ZG TOP's systems were attacked by a John Doe actor, causing ZG TOP to lose cryptocurrency in the amount of 330,000 Tether ("USDT") and 100 Ether ("ETH"). *Id.* at ¶¶ 13-14. ZG TOP submits transactional evidence that it contends shows that all the 330,000 USDT and 100 ETH have been fully transferred to an account at Bittrex, Inc. ("Bittrex"), a cryptocurrency trading platform that has offices in Seattle, Washington. *Id*. at ¶ 15, Exs. A, B. Bittrex uses computers and computer servers to operate its trading platform and to host custodial digital cryptocurrency wallets.

In December 2018, ZG TOP contacted Bittrex via email to seek information regarding the transfer of the subject cryptocurrency. Dkt. # 2, Ex. A. Bittrex responded that they had "identified the account holder and have started our compliance review of their account," but would not disclose the identity of the account holder "absent a court order or consent of the account holder." *Id*. The present Complaint and Motion followed.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard

ORDER – 2

pretrial schedule. *See Criminal Prods., Inc. v. Does 1-8*, C17-102-RAJ, 2017 WL 9478825, at *1 (W.D. Wash. Feb. 7, 2017) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick,* C06-1304-RSL, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating ZG TOP's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 14-CV-621 RSM, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (citing *Semitool*, 208 F.R.D. at 276).

One situation in which early discovery may be necessary appears in cases in which the defendant's identity cannot be determined at the time the action is commenced. Courts accordingly routinely permit early discovery for the limited purpose of identifying "Doe" defendants on whom process could not otherwise be served. *See, e.g.*, *Music Grp. Macao*, 2014 WL 11010724, at *2 (permitting early discovery from Twitter to identify John Doe defendants); *see also Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068 (N.D. Cal. 2011) (granting leave to subpoena internet service provider to identify Doe defendant). The Ninth Circuit has thus stated that "where the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1)

ORDER – 3

identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Bodyguard Prods., Inc. v. Doe 1*, C17-1647-RSM, 2018 WL 1470873, at *1 (W.D. Wash. Mar. 26, 2018) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

In the present Motion, ZG TOP argues that expedited discovery from Bittrex "and possibly others" is necessary to "(1) identify the defendant so he/she can be named and served in this case, and (2) trach [sic] and freeze the stolen cryptocurrency immediately so that plaintiff may recover as much of its stolen USDT and ETH as possible, and (3) preserve digital evidence that might otherwise be subject to being altered, deleted, or destroyed." Dkt. # 2 at 2. The Court finds that good cause supports ZG TOP's request for leave to take expedited discovery to ascertain sufficient identifying information about John Doe. ZG TOP has provided evidence that appears to trace the allegedly stolen funds to an account on Bittrex, and ZG TOP's conversation with Bittrex indicates that John Doe's identity as the account holder is likely already known or ascertainable. Dkt. # 2, Ex. A. The Court also finds that ZG TOP's request seeking identifying information related to John Doe is reasonably likely to lead to the production of information that will permit ZG TOP to serve process. *See Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Upon service of a Rule 45 subpoena to Bittrex, John Doe or Bittrex will have an opportunity to raise objections through a motion to quash, including in order demonstrate to the Court that prejudice to them outweighs ZG TOP's need for the information sought. Moreover, the Court finds little reason at this point to doubt that ZG

ORDER – 4

TOP's claims, which describe the theft of large amounts of cryptocurrency, could survive a motion to dismiss.

Accordingly, the Court **GRANTS** ZG TOP's Motion to the extent it seeks expedited discovery on Bittrex. ZG TOP may initiate discovery, including the issuance of subpoenas under Fed. R. Civ. P. 45, on Bittrex, seeking information sufficient to identify John Doe. This information may include ascertaining the name, street address, telephone number, and e-mail address of John Doe. If Bittrex is served with a subpoena authorized by this Order it shall give written notice (including email notice) and a copy of the subpoena to John Doe and any other affected user as soon as possible after service of the subpoena. Bittrex shall provide ZG TOP with the date when such notice was provided to any affected user. Bittrex and any affected user shall have thirty (30) days from the date of service of the subpoena to object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B). Bittrex shall not disclose John Doe's identifying information, or such information for any other affected user, during the 30-day period or if a timely objection is served unless and until the Court orders it to do so. If an objection is served, Bittrex shall preserve any material responsive to the subpoena for a period of no less than ninety (90) days in order to allow ZG TOP to move for an order compelling production under Federal Rule of Civil Procedure 45(d)(2)(B)(i). If no objection is served, Bittrex shall comply with the subpoena within ten (10) days.

However, the Court does not find that ZG TOP has provided good cause for its other forms of requested relief, such as facilitating the tracking, freezing, and recovery of the allegedly stolen cryptocurrency. These requests seek affirmative relief from this Court that is the subject of this lawsuit, and go well beyond the request for expedited discovery. ZG TOP cites no authority that would allow for this type of recovery this early in the lawsuit, and the Court is disinclined to grant it at this stage. ZG TOP also does not identify any other entities it seeks to serve discovery upon, and the Court is

ORDER – 5

reluctant to afford ZG TOP unchecked leave to serve discovery on anyone before the Rule 26(f) conference has taken place. Accordingly, these requests will be **DENIED**.

### III.  CONCLUSION

For all the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** ZG TOP's Motion. Dkt. # 2. ZG TOP may serve immediate discovery requests on Bittrex in the manner described in this Order. ZG TOP's Motion is otherwise **DENIED**.

Dated this 25th day of February, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6